FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★  APR 2 5 2005  ★
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

PETER BOGDAN and SILVANA BOGDAN,

                    Plaintiff,                   01 CV 1910 (SJ)

   - against -                          MEMORANDUM
                                                      AND ORDER

STOLT-NIELSEN S.A., STOLT-NIELSEN
TRANSPORTATION GROUP LTD.,
STOLT-NIELSEN, INC., STOLT PARCEL
TANKERS, INC., STOLT PRIDE, INC., STOLT
INTEGRITY, INC., STOLT CONFIDENCE OF
THE ISLE OF MAN, MITSUBISHI CHEMICAL
CORPORATION, MITSUBISHI RAYON CO., LTD.,
AMOCO CHEMICAL COMPANY, DAICEL
CHEMICAL INDUSTRIES LTD., BASF
AKTIENGESELLSCHAFT, ARCO CHEMICAL
COMPANY, B.P. CHEMICALS LTD., DOES 1-10,
ABC CORPORATION 1-20, THE LUBRIZOL
CORPORATION, UNION CARBIDE
CORPORATION, BASF CORPORATION,
OCCIDENTAL CHEMICAL CORP., CHEVRON
USA INC., DOW BRAZIL, S.A., DOW
INTERNATIONAL, B.V., LYONDELL CHEMICAL
COMPANY, BP AMOCO CHEMICAL COMPANY,
BP CHEMICALS LTD.,

                    Defendants.
----------------------------------------------------------------X

APPEARANCES:

ROBERT A. SKOBLAR
53 North Dean Street
Englewood, NJ 07631
Attorney for Plaintiff

1

NELIGAN TARPLEY ANDREWS & FOLEY LLP
1700 Pacific Avenue, #2600
Dallas, TX 75201
By:     David L. Ellerbe
Attorney for Defendant Dow Corning

FREEHILL, HOGAN & MAHAR, LLP
80 Pine Street
New York, NY 10005
By:     Mark Francis Muller
Attorney for Defendants Stolt-Nielsen S.A.,
Stolt-Nielsen, Inc., Stolt Parcel Tanker, Inc.,
Stolt-Nielsen Transportation Group Ltd., Stolt
Pride, Inc., Stolt Accord, Inc., Stolt Excellence,
Inc., Stolt Sincerity, Inc., Stolt Heron, Inc.,
Stolt Osprey, Inc., Stolt Integrity, Inc.

DONOVAN LEISURE NEWTON & IRVINE
30 Rockefeller Plaza
New York, NY 10112
By:     Geoffrey Williams Millsom
Attorney for Defendants Union Carbide Corp.,
Dow Brazil, S.A., Dow International

PHILLIPS, LYTLE, HITCHCOCK, BLAINE &
HUBER LLP
3400 HSBC Center
Buffalo, NY 14203-2887
By:     Paul F. Jones
Attorney for Defendant Occidental Chemical Corp.

McELROY, DEUTSCH & MULVANEY, LLP
Wall Street Plaza
88 Pine St.
New York, NY 10005
By:     Joseph P. La Sala, Robert Stanley Moskow
Attorney for Defendants Chevron USA Inc.,
Lyondell Chemical Company, BP Amoco
Chemical Company

P-049

MAYER, BROWN & PLATT
1675 Broadway
New York, NY 10019
By: Thomas Michael Mueller
Attorney for Defendant BASF Aktiengesellschaft

NELIGAN, TARPLEY, ANDREWS & FOLEY LLP
1700 Pacific Avenue #2600
Dallas, TX 75201
By: David L. Ellerbe
Attorney for Defendant Dow Corning Corp.

JOHNSON, Senior District Judge:

Plaintiff Miljenko Tadic ("Plaintiff") filed this action against Defendant Dow Corning Corporation ("DCC" or "Defendant") and numerous other Defendants. Presently before this Court is Defendant DCC's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(6) based on the automatic stay, discharge, and discharge injunction proceedings of the United States Bankruptcy Code, 11 U.S.C. §§ 362(a)(1), 1141(d)(1)(A), and 524(a)(2). Despite expiration of the deadline for filing responses, Plaintiff has neglected to respond to the Motion. For the reasons stated herein, Defendant's Motion is GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal

---

[1] The Court finds that Federal Rule of Civil Procedure 12(b)(6) is the appropriate vehicle for dismissal. See, e.g., O'Loghlin v. County of Orange, 229 F.3d 871 (9th Cir. 2000). The Court therefore will not discuss the other proposed bases for dismissal.

3

of a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss a complaint under Rule 12(b)(6), a court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). The court should not dismiss the complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

This Motion is unopposed. However, "even if a plaintiff does not oppose a motion to dismiss, a court should conduct an independent inquiry to determine whether the motion to dismiss has merit." Seaweed, Inc. v. DMA Product & Design & Marketing LLC., 219 F.Supp.2d 551, 553 (S.D.N.Y. 2002). This Court will therefore review the merits of the Motion, but will also accept the factual statements in the Motion as true since Plaintiff has not challenged the veracity of Defendant's statements.

## DISCUSSION

Defendant DCC filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on May 15, 1995. This petition is being adjudicated by the United States Bankruptcy Court for the Eastern District of Michigan. The Bankruptcy Court signed a Confirmation Order confirming DCC's plan of reorganization on November 30, 1999 ("the Confirmation Date").

4

Under the Bankruptcy Code, "the confirmation of a plan . . . discharges the debtor from any debt that arose before the date of such confirmation." 11 U.S.C. § 1141(d)(1). "Debt" is defined to include "liability on a claim," 11 U.S.C. § 101(12). In this case, the Complaint alleges exposure to hazardous chemicals between 1981 and 1984, and between 1988 and October 1998. These dates all precede the Confirmation Date, and given that Plaintiff has not provided the Court with any basis to conclude otherwise, the Court finds that the claims are discharged under Section 1141. Therefore, the Complaint does not state a cause of action for which relief can be granted and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

For the reasons stated herein, Defendant Dow Corning Corporation's Motion to Dismiss is GRANTED.

SO ORDERED.

Dated: April 19, 2005
       Brooklyn, NY

s/SJ
_____
Senior U.S.D.J.

5

P-049